COMMONWEALTH *vs.* JAMES HOYE.

An indictment on a public statute need not recite it or specially refer to it, but may conclude " against the form of the statute in such case made and provided."

An indictment on *St.* 1855, *c.* 215, § 17, is sufficient, which avers that the defendant, at a certain time and place, " was, without being duly authorized or appointed thereto according to law, a common seller of intoxicating liquors, against the peace of the Commonwealth and contrary to the form of the statute in such case made and provided."

INDICTMENT alleging that the defendant, on the 1st of September 1857, and from that day to the finding of the indictment, " was, without being duly authorized or appointed thereto according to law, a common seller of intoxicating liquors, against the peace of the Commonwealth and contrary to the form of the statute in such case made and provided."

The defendant, being tried and convicted in the court of common pleas in Bristol, moved in arrest of judgment, " because no offence is sufficiently alleged, in that there is no allegation in said indictment that the defendant was a common seller during the time alleged in said indictment, or any portion of it, ' in violation of the provisions' of the act concerning the manufacture and sale of spirituous and intoxicating liquor." *Aiken,* J. overruled the motion, and the defendant alleged exceptions.

*C. I. Reed,* for the defendant. The *St.* of 1855, *c.* 215, § 17, enacts that " if any person shall be a common seller of spirituous or intoxicating liquor, without being duly appointed or authorized as aforesaid, and in violation of the provisions of this act, he shall, on being convicted of one such violation of the provisions of this act," be punished. The phrase, " and in

violation of the provisions of this act,", is contained in the enacting clause of the statute, and the indictment should therefore contain a corresponding averment. *Rex* v. *Jarvis*, 1 Bur. 148. *Commonwealth* v. *Tuck*, 20 Pick. 362. *Commonwealth* v. *Hart*, 11 Cush. 130, and cases cited. *Commonwealth* v. *Sheffield*, 11 Cush. 178.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. It is not necessary, in an indictment on a public statute, to recite it or specially refer to it; but it is sufficient to conclude, " against the form of the statute in such case made and provided." The court is bound to take notice of all public statutes, and to refer the acts, which are charged in an indictment, to such statute as makes them punishable. 2 Gabbett's Crim. Law, 239. In the present case there is no statute besides that of 1855, *c.* 215, which contains provisions that were violated by the acts charged in this indictment. Nor is there any legal difference between the indictment in this case and in the cases of *Commonwealth* v. *Lafontaine*, 3 Gray, 480, and *Commonwealth* v. *Clapp*, 5 Gray, 98, in both of which a motion in arrest of judgment was overruled. *Exceptions overruled*